IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:20-80-3 |
| | ) | Judge Stephanie L. Haines |
| DEREK CALLOWAY | ) | |

## OPINION AND ORDER

Derek Calloway ("Defendant") stands charged with conspiracy to distribute and to possess with intent to distribute 28 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846 (Count One) and with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Three) [Doc. 28].

Presently before the Court are the following discovery-related pretrial motions[1] filed by Defendant: (1) motion for disclosure of Rule 16, *Brady/Giglio* and other discovery material, and for early disclosure of Jencks material [Doc. 146]; (2) motion to retain and produce rough notes [Doc. 147]; (3) motion for production of government witness and exhibit lists and identification of expert witnesses [Doc. 148]; and, (4) motion for notice pursuant to Rule 404(b) of the Federal Rules of Evidence [Doc. 149]. The Government has filed an omnibus response in opposition to all of Defendant's pretrial motions [Doc. 160].

## I.      Motion for Discovery [Doc. 146]

Defendant's first motion seeks "immediate disclosure" of materials discoverable under Rule 16, and specifically, Rule 16(1)(E) and (1)(G), as well as any *Brady/Giglio* impeachment

---

[1]    Defendant also has filed a motion to suppress evidence [Doc. 150], which is addressed in a separate opinion and order to be filed contemporaneously with this opinion and order.

material.   Defendant also seeks early disclosure of Jencks Act materials, and requests that such material be disclosed at least 30 days prior to trial.

Governmental disclosure of evidence in criminal cases is governed by Fed. R. Crim. P. 16(a)(1).  The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1), "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994).  As a general matter, these other areas are limited to the Jencks Act (18 U.S.C. § 3500) and materials available pursuant to the "*Brady* doctrine." *Id.* (citing *Brady v. Maryland*, 373 U.S. 83 (1963).

In response to Defendant's motion, the Government has acknowledged its responsibilities and obligations under Rule 16(a) and the *Brady* doctrine, and has indicated it will continue to comply with those requirements.  Specifically, the Government indicates that it will disclose any *Brady* exculpatory material promptly, and suggests that it is willing to disclose any additional Rule 16 material it has not already disclosed thirty days in advance of trial, and to disclose any *Brady* impeachment material at a time in advance of trial as directed by the Court.

The Court has not yet set a trial date in this case.  However, Defendant's co-defendant Ronald Lewis has pretrial motions under advisement until April 10, 2022, and the Court intends to hold a status conference forthwith after a decision is rendered on those motions in order to set dates for a final pretrial conference and for trial.  Following the final pretrial conference, the Court will enter a jury trial order setting deadlines for, *inter alia*, *Brady/Giglio* impeachment materials and Jencks Act materials.  Accordingly, as the Government is cognizant of its discovery obligations, Defendant's discovery motion will be **granted in part and denied in part** as follows:

- The Government shall disclose all Rule 16(a) material and *Brady/Giglio* exculpatory material forthwith;

- The Government shall disclose all *Brady/Giglio* impeachment material in accordance with the deadline to be set in the forthcoming jury trial order;

- To the extent the discovery request seeks any other material falling outside the scope of Rule 16, *Brady/Giglio*, or the Jencks Act, it will be denied.

As to Defendant's request for early disclosure of Jencks material, the Jencks Act, 18 U.S.C. § 3500(b), requires the Government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001).  Pursuant to 18 U.S.C. § 3500(a), "no statement or report in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection *until said witness has testified on direct examination in the trial of the case*." (emphasis added).

There is no authority by which a court can order the Government to provide Jencks Act statements prior to the time a witness has testified on direct examination at trial.  Accordingly, to the extent Defendant seeks an order <u>requiring</u> early disclosure of Jencks material, his request will be denied.  However, the Court will enter an order <u>encouraging</u> the Government to provide Jencks material no later than the deadline to be set in the forthcoming jury trial order.

## II.    Motion to Retain and Produce Rough Notes [Doc. 147]

Defendant also seeks an order requiring all Government agents to retain and produce rough notes created during the course of the investigation.  The Government indicates that it is aware of its obligation to retain these materials pursuant to *United States v. Ramos*, 27 F.3d 65 (3d Cir. 1994), *Ammar v. United States*, 714 F.2d 238 (3d Cir. 1983), and *United States v. Vella*, 562 F.2d 275 (3d Cir. 1977), and further that such notes already are being preserved, and will be disclosed in advance of trial with other Jencks Act material.  Accordingly, the Court will **grant** Defendant's

3

motion and will order the Government to retain all relevant rough notes and to produce them, along with other Jencks Act material, in accordance with the deadline to be set in the forthcoming jury trial order.

### III.    Motion to Produce Witness/Exhibit Lists and Identify Expert Witnesses [Doc. 148]

In this motion, Defendant requests an order requiring the Government to produce a list of any and all witnesses it intends to call at trial, as well as a list of the exhibits it intends to use at trial to prove the charges against him. He also repeats his request for identification of the Government's expert and opinion witnesses and a summary of their testimony, which he also made in his discovery motion [Doc. 146].

It is well-settled that the Government is not obliged to provide a witness list in a non-capital case prior to trial, except as otherwise required by the *Jencks* Act relative to witness statements. *United States v. Addonizio*, 451 F.2d 49, 62 (3d Cir. 1972); *see also* 18 U.S.C. § 3432 (a person charged with a *capital* offense must be furnished with a list of witnesses at least three days prior to trial) (emphasis added). Moreover, Defendant has provided no authority suggesting that the Government is obligated to disclose a list of its intended exhibits. Accordingly, Defendant's request for witness and exhibit lists will be **denied**.

To the extent Defendant's motion seeks disclosure of the identity of the Government's expert witnesses and a summary of their testimony, such a request is governed by Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, and is covered by the Court's ruling on Defendant's discovery motion.

### IV.    Motion for Notice Pursuant to Federal Rule of Evidence 404(b) [Doc. 149]

Defendant's final motion seeks an order compelling the Government to provide him with advance notice of evidence of any crimes, acts or other wrongs which the Government intends to

4

introduce at trial under Federal Rule of Criminal Procedure 404(b), as well as the purpose for which the Government will seek to admit such evidence.

Rule 404(b) permits the admission of evidence of other crimes, wrongs or acts for certain enumerated purposes, provided that, upon request by the accused, the Government shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial. In order to be admissible under Rule 404(b): (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rules 401 and 402; (3) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. *United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002).

The Government indicates it has not yet identified any evidence it may seek to introduce under Rule 404(b). Nevertheless, the Government acknowledges its responsibility to provide advance notice of the general nature of any other crimes, wrongs or acts it intends to offer at trial under that Rule, and proposes to provide the requisite notice under Rule 404(b) in accordance with any pretrial order issued by the Court, or no later than two weeks prior to trial, which courts have found to be reasonable. *See, e.g., United States v. Long-Parham*, 183 F. Supp.3d 746, 750 (W.D. Pa. 2016); *United States v. Evangelista*, 813 F. Supp. 294, 302 (D.N.J.1993). Accordingly, the Court will **grant** Defendant's motion, and will direct the Government to provide notice as required under Rule 404(b) in accordance with the deadline to be set in the forthcoming jury trial order.[2]

---

[2] Objections as to the admissibility of any evidence sought to be introduced under Rule 404(b) are properly asserted during trial, not at the pretrial stage, *Luce v. United States*, 469 U.S. 38, 41 (1984), as it is preferable to resolve Rule 404(b) objections in conjunction with the factual context of the case. *See United States v. Giampa*, 904 F. Supp. 235, 284 (D.N.J. 1995). Defendant has not requested a ruling as to the admissibility of any potential Rule 404(b) evidence at this time, and such a request would be premature.

Finally, although not specifically requested by Defendant, the Government's response further indicates that it will provide advance notice of any of Defendant's prior convictions which fall within the ambit of Federal Rule of Evidence Rule 609(b), and which it may intend to use at trial.[3]  The Court's order likewise will require the Government to provide written notice of any criminal convictions falling within the parameters of Rule 609(b) in accordance with the deadline to be set in the forthcoming jury trial order.

An appropriate order follows.

---

[3] Rule 609(a)(1)(B) provides that, for the purpose of attacking a testifying defendant's character for truthfulness by evidence of a criminal conviction, evidence that the defendant has been convicted of any crime punishable in the convicting jurisdiction by death or imprisonment for more than one year must be admitted if the court determines that the probative value of that evidence outweighs its prejudicial effect to the defendant. Rule 609 also provides that evidence that any witness has been convicted of any crime must be admitted, regardless of punishment, "if the court can readily determine that establishing the elements of the crime required proving - or the witness's admitting - a dishonest act or false statement." Fed. R. Evid. 609(a)(2). The only advance notice requirement under Rule 609 is that the government must provide "reasonable written notice" of its intent to use the evidence if 10 years have passed since the conviction or release from confinement for it, whichever is later. Fed. R. Evid. 609(b)(2).

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:20-80-3 |
| | ) | Judge Stephanie L. Haines |
| DEREK CALLOWAY | ) | |

**ORDER OF COURT**

AND NOW, this 28th day of March, 2022, upon due consideration of Defendant Derek Calloway's discovery related pretrial motions [Docs. 146, 147, 148 and 149], and the Government's omnibus response thereto [Doc. 160], and, for the reasons set forth in the accompanying Opinion,

IT IS ORDERED that Defendant's motion for disclosure of Rule 16, *Brady/Giglio* and other discovery materials, and for early disclosure of Jencks material [Doc. 146], hereby is **granted in part and denied in part** as follows:

- The Government shall disclose all Rule 16(a) material and *Brady/Giglio* exculpatory material forthwith;

- The Government shall disclose all *Brady/Giglio* impeachment material in accordance with the deadline to be set in the forthcoming jury trial order;

- The Government shall disclose all Jencks material in accordance with 18 U.S.C. § 3500(b), but with encouragement to disclose such material no later than the deadline to be set in the forthcoming jury trial order; and,

- To the extent the discovery request seeks any other material falling outside the scope of Rule 16, *Brady/Giglio*, or the Jencks Act, hereby is **denied**; and,

IT FURTHER IS ORDERED that Defendant's motion to retain and produce rough notes [Doc. 147] hereby is **granted**. The Government hereby is directed to retain all relevant rough notes and to produce them, along with other Jencks Act material, in accordance with the deadline to be set in the forthcoming jury trial order; and,

7

IT FURTHER IS ORDERED that Defendant's motion for production of government witness and exhibit lists and identification of expert witnesses [Doc. 148] hereby is **denied**; and,

IT FURTHER IS ORDERED that Defendant's motion for notice pursuant to Rule 404(b) of the Federal Rules of Evidence [Doc. 149] hereby is **granted**, and the Government hereby is directed to provide notice as required under Rule 404(b), as well as written notice of any criminal convictions falling within the parameters of Rule 609(b), in accordance with the deadlines to be set in the forthcoming jury trial order.

Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record

8